UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PABLO SASTRE-FERNÁNDEZ,

    Plaintiff,

v.

SUPERINTENDENCIA DEL CAPITOLIO, et al.,

    Defendants.

Civil No. 13-1245 (JAF)

**OPINION AND ORDER**

We consider the defendants' motion to dismiss on various grounds in this employment discrimination case.

**I.**

**Background**

Pablo Sastre-Fernández worked as an agronomist for the Office of the Superintendent of the Capitol Building of the Commonwealth of Puerto Rico. (Docket No. 1 at 3.) Sastre-Fernández is a member of the New Progressive Party and has volunteered for NPP candidates. (Id.)

Sastre-Fernández claims that following the 2008 general elections in Puerto Rico he suffered political discrimination at the hands of the defendants, who fired him from his post as Assistant Superintendent of the Capitol. (Id.) Sastre-Fernández claims that Javier Vázquez, the newly-named Superintendent of the Capitol and a Popular Democratic Party affiliate, told Sastre-Fernández that he wanted him to continue working at the Capitol but that he would need to reduce Sastre-Fernández' pay to provide employment for PDP affiliates. (Id. at 4.) Shortly after this conversation, Sastre-Fernández received a dismissal letter. (Id. at 5.) Sastre-Fernández filed suit against Vázquez, the Commonwealth of Puerto Rico, the Office of the Superintendent of the

Capitol Building, and various unnamed insurance companies. (Docket No. 1.) The defendants moved to dismiss. (Docket No. 11.)

## II.

## **Legal Standard**

### A. **Motion to Dismiss Standard**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 39-40 (1st Cir. 2012) (citation omitted).

## III.

## **Discussion**

The defendants argue that Sastre-Fernández' duties as a groundskeeper constituted a politically-sensitive, trust position that included policy-making powers. (Docket No. 11 at 7-8.) We disagree.

Puerto Rico recognizes two general categories of state employees: "trust" employees, who are involved in policy-making and can be more or less hired or fired at will, and "career" employees who essentially occupy permanent positions and must be hired or fired on merit-based criteria. Costa-Urena v. Segarra, 590 F.3d 18, 22 (1st Cir. 2009).

Determining whether a position entails policymaking powers and, thus, qualifies as a "trust" position requires the court to make a fact-specific inquiry. Galloza v. Foy, 389 F.3d 26, 29 (1st Cir. 2004). Facts we look to may include: "relative pay, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on

programs, contact with elected officials, and responsiveness to partisan politics and political leaders." Rosenberg v. City of Everett, 328 F.3d 12, 18 (1st Cir. 2003) (citation omitted). While the government's classification of a particular position is a relevant fact that we will consider, it is not dispositive. Galloza, 389 F.3d at 29.

To aid our fact-specific inquiry, the First Circuit has articulated a two-part test that examines whether: (1) the employing agency's functions involve partisan political interests or concerns; and (2) the employee's position resembles the role of a policymaker or office-holder such that party affiliation would be an appropriate consideration in determining tenure. See Mendez-Aponte, 645 F.3d 60, 65 (1st Cir. 2011). Sastre-Fernández' position satisfies neither part of this test.

First, Sastre-Fernández' employing agency was the Office of the Superintendent of the Capitol Building. (Docket No. 11.) The office is charged with "the upkeep, maintenance, extension, construction and remodeling of the buildings and grounds of the Commonwealth's Capitol Building." 2 L.P.R.A. §§ 651-661. The maintenance and upkeep of the Commonwealth's Capitol grounds hardly involves partisan political interests.

Second, the job description shows that Sastre-Fernández performed duties only of the sort which "are measured solely by strictly technical or professional criteria." Mendez-Palou v. Rohena-Betancourt, 813 F.2d 1255, 1258 (1st Cir. 1987). Sastre-Fernández' job was to plan, direct, supervise, and coordinate activities directed at the conservation of the green areas of the parks, plazas, monuments, and other installations and facilities administered by the office. None of these duties involve policymaking, the communication of political ideas, or sensitive tasks connected with a policymaking function. Sastre-Fernández, to be sure, had some supervisory authority—but it seems over only minor operational issues. (Docket No. 1 at 4.) As partisan

ideology "cannot plausibly be said to have the remotest bearing on how food should be served or how doorknobs should be polished," Vazquez Rios v. Hernandez Colon, 819 F.2d 319, 322 (1st Cir. 1987), it has equally little bearing on agronomical services or the decoration of the Commonwealth Legislature's public buildings and gardens.

The defendants argue that Sastre-Fernández has failed to allege a *prima-facie* case of political discrimination in his complaint because he has offered "no specific date, environment, and mention of witnesses and/or specific details as to this custom tailored conclusion." (Docket No. 11 at 11.) But the *prima-facie* standard "is an evidentiary standard, not a pleading standard." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013). While "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim," they need not be pled with exactness. Id. A sufficient pleading needs to state only a plausible claim, not "a detailed evidentiary proffer." Id.

Here, Sastre-Fernández has alleged that he worked as a non-political employee, that a new supervisor arrived from the opposing political party and, as a result, the new supervisor informed Sastre-Fernández that his salary would be reduced in order to provide employment to Popular Democratic Party affiliates. These facts state a plausible claim for relief and that is all that is required of the plaintiff at this stage. The motion to dismiss is denied.

The defendants' remaining arguments — that qualified immunity protects them from suit and that Sastre-Fernández failed to state a due process claim — rely entirely on the trust position arguments that we have already rejected. For the same reasons, these claims fail.

Finally, since his federal claim survives the motion to dismiss, supplemental jurisdiction over Sastre-Fernández' Commonwealth-law claims remains proper, see 28 USC § 1367(a).

## IV.

### Conclusion

For the foregoing reasons, the defendants' motion to dismiss, (Docket No. 11), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of September, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
